478 So.2d 497 (1985)
Robert J. O'BRIEN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-349.
District Court of Appeal of Florida, Fifth District.
November 14, 1985.
*498 James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
En Banc.
PER CURIAM.
An en banc opinion issued in this case on August 15, 1985, withdrawing a prior en banc opinion issued on June 6, 1985. Both resulted from three-to-three tie votes on the merits of this appeal. In those opinions we construed Florida Rule of Appellate Procedure 9.331(a), which provides:
(a) En Banc Proceedings: Generally. A majority of the judges of a district court of appeal participating may order a proceeding pending before the court be determined en banc. A district court of appeal en banc shall consist of the judges in regular active service on the court. En banc hearings and rehearings shall not be ordered unless the case is of exceptional importance or unless necessary to maintain uniformity in the court's decisions. The en banc decision shall be by a majority of the active judges actually participating and voting on the case. In the event of a tie vote, the panel decision of the district court shall stand as the decision of the court. If there is no panel decision, a tie vote will affirm the trial court decision. (Emphasis added.)
In our August en banc opinion we interpreted the reference to "the panel decision of the district court" in the next to last sentence of the quoted subsection to mean the proposed written opinion of the original three-judge panel, which would have reversed the trial judge and conflicted with the prior opinion of this court in Carter v. State, 458 So.2d 417 (Fla. 5th DCA 1984). On October 29, 1985, we withdrew by court order the August 15 opinion in order to correct what we now perceive to have been an erroneous construction and application of the en banc rule, and because of the intervening opinion from the Florida Supreme Court of State v. Jackson, ___ So.2d ___, 10 FLW 564 (Fla. October 17, 1985). We have jurisdiction to do so. See § 35.10, Fla. Stat. (1983); Higdon v. State, 465 So.2d 1309 (Fla. 5th DCA 1985); State Farm Mutual Auto. Ins. Co. v. Judges of the District Court of Appeal, Fifth District, 405 So.2d 980 (Fla. 1981).
Jackson approves the trial court's utilization of the sentencing guidelines effective at the time of sentencing, irrespective of the fact that other guidelines were in effect at the time of commission of the crime. In other words, the sentencing guidelines are procedural rather than substantive. Despite the persuasive logic of Justice Ehrlich's dissent in Jackson in respect to substantial rights and ex post facto laws, we are bound by the majority decision, which compels affirmance of the instant appeal. This is so because any new sentencing of O'Brien would be based upon *499 Florida Rule of Criminal Procedure 3.701(d)(12) now in effect.[1]See Julian v. The Honorable Robert E. Lee, Jr., 473 So.2d 736 (Fla. 5th DCA 1985); Kocsis v. State, 467 So.2d 384 (Fla. 5th DCA 1985). O'Brien was sentenced to thirty months' incarceration and five years' probation (with a condition of 364 days in jail) for two second-degree felonies. Therefore, the incarcerative portion of his split sentence was forty-two months (within the guideline range) and his total sanction (incarceration and probation) of seven-and-a-half years did not exceed the statutory term of thirty years.
Nevertheless, in light of the inherent ambiguities of the present en banc rule in regard to tie votes, the problems of interpretation which the rule has caused us in this case, and the necessity that we adopt principles to ensure consistency of law within this district, we elect to once again address the rule and engraft upon it a meaningful construction for future guidance. See In Re Rule 9.331, Determination of Causes by a District Court of Appeal En Banc, Florida Rules of Appellate Procedure, 416 So.2d 1127 (Fla. 1982).
The Florida Supreme Court wrote, in In Re Rule 9.331:
Consistency of law within a district is essential to avoid unnecessary and costly litigation. We conclude that the district court judges, through their opinions, will adopt principles to ensure this result.
Id. at 1128. Pursuant to the supreme court's admonition, we adopt as a principle that a three-judge panel should not expressly overrule or recede from a prior decision of this court on the same point of law. In order to prevent this, we agree to interpret the reference to "the panel decision" in the rule as a reference to a prior decision of this court. This will mean that an en banc tie vote on an issue would reaffirm a prior decision on that issue. If there is no prior decision, of course, the trial court is affirmed. In either event, the en banc determination then becomes the binding precedent for this court in future cases involving the same issue. At the same time, such questions would be certified to the Florida Supreme Court to be of great public importance pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v).
AFFIRMED.
COBB, C.J., and DAUKSCH, ORFINGER, UPCHURCH, SHARP and COWART, JJ., concur.
NOTES
[1] The committee note to Rule 3.701(d)(12) now provides, in pertinent part:

If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law. (Emphasis added.)