479 So.2d 309 (1985)
Robert Gabriel BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1002.
District Court of Appeal of Florida, Fifth District.
December 12, 1985.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Bell files this timely appeal challenging the trial court's sentence under the sentencing guidelines, Fla.R.Crim.P. 3.701, as *310 an illegal "split" sentence. Fla.R.Crim.P. 3.701(d)(12). In this case the trial court did not purport to "depart" from the sentence range established by the guidelines. Based on O'Brien v. State, 478 So.2d 497 (Fla. 5th DCA 1985), we affirm.
The defendant was charged in two separate informations, each containing one count of burglary[1] and one count of grand theft.[2] A guideline scoresheet was prepared pursuant to Florida Rule of Criminal Procedure 3.701(d)(3)(a), and a presumptive guideline range of community control or twelve to thirty months incarceration was calculated. The trial court sentenced the defendant to concurrent terms of thirty months on the burglary counts and five years probation on the grand theft counts to be served consecutive to the jail term.
The Committee Note to the amended Rule 3.701(d)(12)[3] provides that if split sentences are imposed, the incarcerative portion "shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law." In this case, the state prison time does not exceed the maximum of the guideline sentence range, and the total time for incarceration and probation does not exceed the term provided by general law.
AFFIRMED.
COBB, C.J., and UPCHURCH, J., concur.
NOTES
[1] § 810.02(1), Fla. Stat. (1983).
[2] § 812.014(2), Fla. Stat. (1983).
[3] The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984).