DANAHY, Acting Chief Judge.
Appellant appeals the trial court’s departure from the sentencing guidelines. Based on our analysis, we reverse his sentences and remand for resentencing.
First, appellant’s prepared guidelines scoresheet indicated a total point score corresponding to a recommended guidelines sentence of “any nonstate prison sanction.” At the sentencing hearing, the trial court sentenced appellant to thirty months incarceration in case no. 84-6371, continued appellant’s five-year probationary term in case no. 82-7548, modified ap *682 pellant’s probationary terms in cases no. 82-11779 and 82-12752 by increasing those terms from five to fifteen years, and ordered that all sentences be served concurrently. Thus appellant’s sentence imposed in case no. 84-6371 was a departure from the recommended range of any nonstate prison sanction. Consequently, the trial court erred in failing to provide written reasons for departure. Fla.R.Crim.P. 3.701(d)(11), (12); State v. Jackson, 478 So.2d 1054 (Fla.1985); Mestas v. State, 484 So.2d 612 (Fla. 2d DCA 1986) [11 FLW 315]. Second, the record demonstrates that appellant’s probation was never revoked. Therefore, the trial court erred in applying Florida Rule of Criminal Procedure 3.701(d)(14) to increase appellant’s recommended sentence one cell without setting forth, in a separate document, written reasons for such departure. Jackson; Fernquist v. State, 480 So.2d 123 (Fla. 2d DCA 1985). Third, the trial court’s sanction (incarceration in one case combined with probation in the other cases) is, absent valid written reasons therefor, an illegal split sentence under the guidelines. Although the total time of appellant’s incarceration and probation does not “exceed the term provided by general law,” the incarcerative portion, which exceeds appellant’s maximum sentencing guidelines range, is violative of Florida Rule of Criminal Procedure 3.701(d)(12). See Committee Note to Fla.R.Crim.P. 3.701(d)(12); Bell v. State, 479 So.2d 309 (Fla. 5th DCA 1985); O’Brien v. State, 478 So.2d 497 (Fla. 5th DCA 1985). Fourth, appellant cannot be sentenced to probation and incarceration simultaneously. Cox v. State, 468 So.2d 437 (Fla. 2d DCA 1985); Brudie v. State, 467 So.2d 1113 (Fla. 2d DCA 1985).
Accordingly, the sentences imposed are reversed and the cause is remanded with directions to resentence appellant in accordance with the views we have expressed.
SCHOONOVER and FRANK, JJ., concur.