DANAHY, Acting Chief Judge.
The appellant challenges sentences imposed upon him after remand following this court’s reversal of the sentences originally imposed for these offenses on September 6, 1984. The sentences originally imposed and our reasons for disapproval are set forth in our opinion in Martire v. State, 486 So.2d 681 (Fla. 2d DCA 1986) (Martire I).
The offenses involved here consist of three offenses committed by the appellant in 1982 and another offense committed in 1984. With respect to the 1982 offenses, the appellant was first given five years probation with respect to each offense, the probationary terms to run concurrently. In 1984 the appellant committed a further offense so that on September 6, 1984, all four offenses (the three 1982 offenses and the 1984 offense) were before the trial judge for sentencing. In Martire I we reversed a sentence of thirty months incarceration imposed with respect to the 1984 offense, finding that sentence to be an improper departure from the guidelines recommended range of any nonstate prison sanction. We also disapproved the modified probationary terms imposed with respect to the 1982 offenses.
Unfortunately, because the appellant’s first appeal was not diligently prosecuted in this court, by the time our mandate was issued reversing the prison sentence imposed for the 1984 offense, the appellant had completed his serving of that sentence. Inexplicably, after remand the trial judge nevertheless imposed a term of probation with respect to that offense. It goes without saying that, the appellant having served his sentence with respect to the 1984 offense, no further penalty can be imposed upon him. Accordingly, we reverse the term of probation imposed for the 1984 offense, Case No. 84-6371.
Additionally, the trial judge imposed a prison term of thirty months for one of the 1982 offenses. That sentence is clearly illegal; neither the provisions of rule 3.701, Florida Rules of Criminal Procedure, nor the appellant’s sentencing guidelines score-sheet permit another prison sentence to be imposed with respect to this group of offenses. We reverse the prison sentence of thirty months imposed in Case No. 82-7548.
With respect to the other two 1982 offenses, Case Nos. 82-11779 and 82-12752, the trial judge imposed a period of seven-and-one-half years probation in one case and five years probation in the other case, to be served concurrently to each other but consecutively to the prison term (which we here reverse) imposed in Case No. 82-7548. We reverse those sentences and remand for resentencing of the appellant to appropriate periods of probation with respect to the three 1982 offenses.
Reversed and remanded for resentencing in accordance with this opinion.
SCHOONOVER and PARKER, JJ., concur.