528 So.2d 1282 (1988)
Howard Coval NICHOLS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-856.
District Court of Appeal of Florida, First District.
July 27, 1988.
*1283 Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
A.E. Pooser, IV, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Nichols appeals sentences imposed after this court reversed and remanded a prior sentencing order which did not conform to the sentencing guidelines. We reverse in part and affirm in part.
In 1979 Nichols pled nolo contendere to all counts of a six count information charging various third degree felony offenses involving possession and sale of PCP and marijuana. He received consecutive five year sentences as to Counts 1 and 2, and consecutive five year terms of probation as to Counts 3 through 6, for a total sentence of ten years incarceration to be followed by 20 years probation. He was released from prison on parole sometime prior to April 1985. In April 1985 two new informations were filed charging Nichols with felony possession of marijuana and possession of cocaine. In July 1985 an additional information were filed charging Nichols with failure to appear for court proceedings relating to the 1985 drug charges.
On January 27, 1986 Nichols' probation for the 1979 offenses was revoked. He was then sentenced as to the three 1985 cases and resentenced as to the convictions on Counts 3 through 6 of the 1979 case. During the 1986 sentencing and resentencing proceedings Nichols elected to be sentenced under the guidelines, which established a presumptive sentence of 12 to 30 months incarceration. The court departed from the guidelines and imposed seven consecutive five year sentences for a total of 35 years incarceration. On appeal this court found all of the trial court's stated reasons for departure to be invalid, and reversed and remanded for resentencing. Nichols v. State, 504 So.2d 414 (Fla. 1st DCA 1987) (Nichols I). In that opinion, this court directed the trial court to resentence Nichols within the guidelines, but noted that because he was being resentenced after revocation of his probation on several of the charges, the trial court was at liberty to impose a sentence within the next higher cell of 2 1/2 to 3 1/2 years incarceration.
On June 6, 1987 a resentencing proceeding was conducted pursuant to this court's opinion and mandate. Before the trial court were Counts 3 through 6 of the 1979 case, as well as the three 1985 cases which involved one count each. As to Count 3 of the 1979 case the court imposed the maximum guidelines sentence of 3 1/2 years incarceration with credit for time served. As to Counts 4, 5 and 6 of the 1979 case and as to all three of the 1985 cases the court imposed consecutive five year terms of probation. Thus appellant's sentence presently is set at 3 1/2 years incarceration to be followed by 30 years probation. Special conditions of probation imposed by the court were:
(9) In Case 79-311: Pay $500 fine plus 5% surcharge within first five years, on schedule of Probation Officer.
(10) In Case 87-501: Pay $250 cost of court plus 5% surcharge on schedule of Probation Officer.
(11) In Case 85-520: Pay $250 cost of court plus 5% surcharge on schedule of Probation Officer.
(12) In Case 85-1082: Pay $250 cost of court plus 5% surcharge on schedule of Probation Officer.
(13) You will report to your Probation Officer at least four (4) times a week, or, if unemployed full time daily.
(14) You will maintain an hourly accounting of all your activities on a daily log *1284 which you will submit to your Probation Officer upon request.
(15) You will participate in self-improvement programs as determined by the Court or your Probation Officer.
(16) You will submit to and cooperate with a lie detector test, psychological stress evaluation, and/or psychometric tests at any time, and from time to time, whenever so directed by the Probation Supervisor, or any other law enforcement officer.
(17) You will consent to search, without a warrant, of your person, automobile or premises and/or submit to chemical or specimen analysis for evidence of drugs upon request of any Probation Officer.
Nichols contends that the court erred at his resentencing in the following respects: (1) the split sentence imposed in this case constituted a departure sentence under the version of the guidelines which should have been applied, or, alternatively, the application of the guidelines as amended violated the prohibition against ex post facto laws; (2) the combination of incarceration and probation imposed on the appellant constituted a departure from the guidelines in that the total sanction imposed exceeded the maximum sanction allowable under general law; (3) the court erred in imposing special conditions of probation 10, 11 and 12 requiring Nichols to pay court costs; and (4) the court erred in imposing the special conditions of probation numbered 13, 14 and 16.
The sentences imposed were not "split sentences". The sentence as to Count 3 of the 1979 case was a guidelines sentence of 3 1/2 years incarceration as authorized by this court in Nichols I. The sentences on Counts 4, 5 and 6 of the 1979 case were consecutive five year sentences of probation. The sentences in the 1985 cases were consecutive sentences of five years probation in each of three separate and distinct cases.
With respect to the third issue raised, Nichols contends that he did not receive notice that he would be assessed costs at his sentencing hearing, and the record does not reflect notice to Nichols that costs would be imposed. The state's response to Nichols' argument is simply to assert that the $250 charges as to each of the 1985 cases, which were expressly designated "cost [sic] of court" by the court, are not costs, but are fines. This contention is contrary to the court's express designation of the charges as costs, and costs may not be imposed without notice and an opportunity to be heard. Jenkins v. State, 444 So.2d 947 (Fla. 1984).
Nichols' contention that the court erred in imposing special conditions of probation 13, 14 and 16 is well taken. Conditions placed on probation are invalid unless they reasonably relate to the offense committed, to the rehabilitation of the defendant, or to the protection of the public. Grubbs v. State, 373 So.2d 905 (Fla. 1979). Conditions 13, 14 and 16 in this case do not meet the Grubbs criteria. While it may be reasonable to require certain probationers to report to their probation officers more often than once a month under certain circumstances, it is not reasonable to require reporting to the probation officer a minimum of four times a week if employed, and seven times a week if unemployed, for a period of 30 years. It is also unreasonable to require a probationer to maintain an hourly accounting of his activities over a 30 year period. Finally, although it might be reasonable to require a probationer to submit to polygraph examination when asked to do so by his or her probation officer, a requirement that the probationer submit to unspecified "psychometric" tests whenever directed to do so by any law enforcement officer is unquestionably overbroad. All of the special conditions of probation objected to are overbroad, unnecessarily burdensome or oppressive, or a combination thereof.
Affirmed in part, reversed in part by striking special conditions 10, 11, 12, 13, 14 and 16 of the probation imposed by the court, and remanded without prejudice for *1285 further consideration of costs after proper notice and a reasonable reporting requirement.
NIMMONS and BARFIELD, JJ., concur.