ERVIN, Judge.
We affirm appellant’s judgment and sentence for sale or delivery of cannabis. Cruz v. State, 465 So.2d 516 (Fla.1985); § 90.803(21), Fla.Stat. (1987).
However, we reverse that portion of the sentence which imposes costs upon the appellant, because costs were imposed without notice to him, and without a hearing on the matter.
“It is well settled that before costs may be assessed pursuant to sections 960.20, 943.25, and 27.3455, the state must provide a defendant with adequate notice and an opportunity to object to the assessment.” Moore v. State, 530 So.2d 61, 64 (Fla. 1st DCA 1988), citing, among others, Mays v. State, 519 So.2d 618 (Fla.1988). “Furthermore, the imposition of such costs may be challenged even though no objection was raised in the trial court.” Moore, 530 So.2d at 64, citing, among others, Harriel v. State, 520 So.2d 271 (Fla.1988).
In the instant case, there is nothing in the record to indicate appellant received adequate notice regarding any of the costs imposed. In fact, the state concedes this issue in its brief. Therefore, the assessment of costs must be reversed and remanded for proceedings conducted in compliance with due process requirements.
Affirmed in part, reversed in part, and remanded.
SHIVERS and JOANOS, JJ., concur.