554 So.2d 1227 (1990)
Henry Joseph PETRILLO, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01148.
District Court of Appeal of Florida, Second District.
January 5, 1990.
A.R. Mander, III of Greenfelder, Mander, Hanson & Murphy, Dade City, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Chief Judge.
Appellant, defendant below, Henry Joseph Petrillo, challenges his sentence on appeal. We find that the thirty-year probationary term was not a departure from the guidelines and that the restitution award should be reduced to $1,963.43, as originally ordered.
Appellant pled guilty to one count of racketeering, four counts of false and fraudulent insurance claim and four counts of grand theft, second degree. On May 8, 1987, the trial court sentenced appellant to probation and a short prison term. It also *1228 ordered appellant to pay $1,963.43 in restitution. Appellant violated the terms of his probation. At sentencing on February 27, 1989, the court preserved the short prison term on one count of grand theft and additionally sentenced appellant to four-and-one-half years in prison on one of the false and fraudulent insurance claim counts, to thirty years probation on the racketeering count and to five years probation on each of the six remaining counts. The probation terms were to be served concurrently with each other and consecutive to the four-and-one-half-year prison term. The court also increased the amount of restitution from $1,963.43 to $8,146.00. On appeal, appellant challenges the court's imposition of the thirty-year probationary term to be served consecutive to the prison term. He argues that the thirty-year term of probation, ordered to be served consecutive to the four-and-one-half-year prison term, was a split sentence that exceeded the term provided by general law and was, additionally, a departure sentence that required written reasons in order to be valid. He also challenges the increased amount of restitution and the court's refusal to give him straight time in lieu of probation.
We find that the thirty-year probationary term, ordered to be served consecutive to the four-and-one-half-year prison term, did not violate Florida Rule of Criminal Procedure 3.701. Committee note (d)(12) to Florida Rule of Criminal Procedure 3.701 states, in pertinent part, as follows:
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.
The guideline range required four-and-one-half to five-and-one-half years incarceration. The court sentenced appellant to four-and-one-half years on one of the false and fraudulent insurance claims. Under Nichols v. State, 528 So.2d 1282 (Fla. 1st DCA 1988), the four-and-one-half-year prison term followed by the thirty-year probationary term was not a true split sentence since the four-and-one-half-year sentence was for one offense, false and fraudulent insurance claim, and the thirty-year probationary term was for another offense, racketeering.
The length of prison sentences recommended under the guidelines has nothing to do with, and does not control, the length of a probation sentence chosen as an alternative to prison. State v. Malone, 489 So.2d 213 (Fla.3d DCA 1986). While we recognize that Rule 3.701(d)(12) does not apply directly here because this is not a "true" split sentence, logic would dictate that if the court may, on a split sentence, impose an incarcerative sentence within the guideline range plus a probationary term which together do not exceed the term provided by law, it may also do so when sentencing for separate offenses at the same time. Rule 3.701(d)(12) mandates that a sentence must be imposed for each offense and further provides that the total sentence (probably should be read sentences) cannot exceed the total guideline sentence unless a written reason is given. Since appellant's sentence of four-and-one-half years did not exceed the guideline recommended sentence for one offense and the thirty years probation was within the maximum penalty provided by law for another offense for which appellant was being sentenced (§§ 775.082(3)(b), 895.03 and 895.04, Fla. Stat. (1987)), the sentence was proper.
We do find, however, that the court erred when it increased the restitution amount from $1,963.43 to $8,146.00. The first sentencing order showed a restitution amount, based on a plea bargain, of $1,963.43, and no evidence or testimony was presented to offer support to add over $6,000.00 to that amount. We vacate the $8,146.00 amount and direct that the sentencing order be corrected to reflect the original restitution amount of $1,963.43.
Finally, although appellant argues that the court erred when it imposed probation and refused to give appellant straight time, "[t]he trial court, not the defendant, *1229 is the one with that ultimate option [referring to choice of probation or incarceration]." Woods v. State, 542 So.2d 443 (Fla. 5th DCA 1989). We find no error here.
In conclusion, we affirm appellant's sentence, vacate the $8,146.00 restitution amount and direct that the sentencing order be corrected to reflect the original restitution amount of $1,963.43.
RYDER and PATTERSON, JJ., concur.