558 So.2d 111 (1990)
Leroy THOMPSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-397.
District Court of Appeal of Florida, Third District.
March 6, 1990.
Bennett H. Brummer, Public Defender, and Howard E. Landau, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Jorge Espinosa, Asst. Atty. Gen., for appellee.
Before BARKDULL, COPE and LEVY, JJ.
PER CURIAM.
Assuming, without deciding, that the tape recordings should not have been admitted into evidence at defendant's trial, we conclude that the error was harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); see Coy v. Iowa, 487 U.S. 1012, 1021, 108 S.Ct. 2798, 2803, 101 L.Ed.2d 857, 867 (1988). The trial court's reasons for sentencing the defendant as a habitual offender, see § 775.084(3), Fla. Stat. (1987), were dictated into the record. That procedure has been approved in Parker v. State, 546 So.2d 727 (Fla. 1989).
We observe, however, that the guidelines scoresheet for the defendant recommended a sentencing range of 17 to 22 years. Defendant was convicted of two third degree felonies, each of which ordinarily carries a five year penalty. See §§ 794.011(5) & 777.04(4)(c), Fla. Stat. (1987) (attempted sexual battery); Id. § 787.02 (false imprisonment). Pursuant to the habitual offender act, the maximum penalty for each of the third degree felonies was enhanced to ten years on each count. See *112 § 775.084(4)(a)3, Fla. Stat. (Supp. 1988). The trial court sentenced defendant to 17 years on each count, to run concurrently. That constituted error which must be remanded for correction.
The sentencing guidelines do not increase the maximum legal sentence. Where, as here, the trial court has decided to impose the guideline sentence, but the guideline sentence exceeds the maximum legal sentence on each count, the trial court must impose consecutive sentences in order to come as close as possible to the guidelines scoresheet recommendation. Branam v. State, 554 So.2d 512 (Fla. 1990). The trial court did not have the benefit of this recent Florida Supreme Court pronouncement at the time it imposed sentence.
The trial judge has already chosen the sentence he deemed appropriate: 17 years, which is within the guideline range. In order to impose the sentence within the legal maximums and consistently with the requirements of Branam, it will be necessary for the trial court to impose consecutive sentences on the two counts, totalling 17 years when combined. We therefore reverse the sentencing order and remand for correction of sentence. In all other respects the conviction is affirmed.
Affirmed in part, reversed in part, and remanded.