558 So.2d 166 (1990)
Lonnie WARD, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1381.
District Court of Appeal of Florida, First District.
March 14, 1990.
*167 Thomas F. Woods of Gatlin, Woods, Carlson and Cowdery, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Lonnie Ward was charged by information with kidnapping to inflict bodily harm with a firearm and attempted first-degree murder. Ward subsequently entered into a plea agreement with the state wherein, in exchange for his plea of nolo contendere to the first-degree murder charge, the state agreed to nolle prosequi the kidnapping charge and recommend a sentence of 10 years' incarceration with a 3-year minimum mandatory sentence. Ward and the state further agreed to leave probation to the court's discretion. Pursuant to the plea agreement, the court adjudicated Ward guilty of attempted first-degree murder and sentenced him to 10 years' incarceration with a 3-year minimum mandatory sentence, gave him 408 days credit for time served, and placed him on probation for life. The court further imposed $200.00 in court costs, and ordered Ward to pay $20.00 to the Crime Compensation Trust Fund and $5.00 to the Law Enforcement Education Trust Fund. Ward appeals the sentence alleging that the court erred in imposing life probation, and in imposing costs without affording him notice and an opportunity to object. We reverse on both points.
In State v. Holmes, 360 So.2d 380 (Fla. 1978), the supreme court held that combined periods of incarceration and probation at the time of the original sentence may not exceed the maximum period of incarceration provided by statute for the offense. 360 So.2d at 383. The maximum period of incarceration provided by statute for the offense in this case was imprisonment for life or imprisonment not exceeding 40 years. § 775.082(3)(a), Florida Statutes (1987). Section 775.082(3)(a) has been interpreted to prohibit a court from sentencing a defendant for a life felony committed after October 1, 1983, to a term of incarceration for a period of years exceeding 40. Spivey v. State, 526 So.2d 762 (Fla. 2d DCA 1988). The question raised in this case is whether section 775.082(3)(a) also disallows a sentence where the combined periods of incarceration and probation exceed 40 years. The law is well established that "a penal statute must be strictly construed in favor of those against whom it would operate." State v. Holmes, 360 at 383. Thus, we hold that once the trial judge sentences a defendant under section 775.082(3)(a) to a term of years as opposed to a term of imprisonment for life, the total sentence, including any probationary period, must not exceed 40 years. We reverse the portion of Ward's sentence placing him on probation for life, and remand the case with directions to resentence Ward to a period of probation not greater than 30 years.
With regard to the second point, before costs may be assessed pursuant to sections 960.20, 943.25, and 27.3455, Florida Statutes, the state must provide the defendant with adequate notice and an opportunity to object to the assessment. Raulerson v. State, 544 So.2d 338 (Fla. 1st DCA 1989); Moore v. State, 530 So.2d 61, 64 (Fla. 1st DCA 1988); see also Wood v. State, 544 So.2d 1004 (Fla. 1989). Since Ward did not receive notice regarding any of the costs imposed, we reverse the trial court's assessment of costs without prejudice to the state to seek reassessment upon proper notice and an opportunity to be heard. Smith v. State, 548 So.2d 305 (Fla. 1st DCA 1989); Collins v. State, 546 So.2d 123 *168 (Fla. 1st DCA 1989); Raulerson, 544 So.2d 338.
REVERSED AND REMANDED.
THOMPSON and BARFIELD, JJ., concur.