559 So.2d 705 (1990)
Richard WEIDNER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1469.
District Court of Appeal of Florida, Fourth District.
April 11, 1990.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The state concedes and we agree the trial court erred in imposing appellant's probationary split sentence of two years' imprisonment followed by fifteen years' probation for the crime of aggravated battery. A trial court may impose a probationary split sentence for any length of time provided by law so long as the incarcerative portion does not exceed the guidelines, assuming no valid reason for departure exists. Franklin v. State, 545 So.2d 851 (Fla. 1989). However, the total sanction cannot exceed the maximum allowable sentence for the offense charged. Tyner v. State, 545 So.2d 961 (Fla.2d DCA 1989); Fla.R.Crim.P. 3.701(d) (1984 Committee Note). Here, although the incarcerative portion of the sentence was within appellant's guideline range, the trial court erred in imposing a total sanction of seventeen years which exceeded the fifteen-year maximum provided by statute. We affirm the conviction but reverse and remand for resentencing consistent with this opinion.
DOWNEY, WALDEN and POLEN, JJ., concur.