562 So.2d 392 (1990)
Brian D. WEINER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-212.
District Court of Appeal of Florida, Fifth District.
May 31, 1990.
Eric A. Latinsky, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Brian Weiner appeals the imposition of two consecutive 10-year terms of probation following 5 years of incarceration and the imposition of a special condition during probation *393 that he abstain from the consumption of alcoholic beverages. We affirm.
Weiner entered a plea of no contest to charges of sexual battery [§ 794.011(5), Fla. Stat. (1987)] and aggravated battery [§ 784.045(1)(a), Fla. Stat. (1987)] pursuant to a plea bargain in which the state nolprossed four counts and reduced the sexual battery from a life felony to a second-degree felony. The negotiated sentence was 5 years in the Department of Corrections, an agreed upon departure from the guideline sentence of 3 1/2 to 4 1/2 years. Prior to the acceptance of his plea, Weiner acknowledged to the court that he understood, if the plea was accepted, probation following incarceration probably would be imposed. For the sexual battery offense, the court imposed a true split sentence of 15 years in the Department of Corrections, suspended the last 10 years, and placed Weiner on probation for the suspended period. See Poore v. State, 531 So.2d 161 (Fla. 1988). A consecutive 10-year period of probation was imposed for the aggravated battery offense, for a total of 5 years in the Department of Corrections, followed by 20 years of probation.
Weiner contends that he should have been sentenced only to concurrent periods of incarceration on both counts since the 10-year period of probation on the aggravated battery offense is a downward departure and probation was not part of the negotiated sentence. The complaint by a defendant of a downward departure from the guidelines is a unique and frivolous argument; it is a valid complaint to be made by the state, not a defendant. See Petrillo v. State, 554 So.2d 1227 (Fla. 2d DCA 1990). Whether the imposition of probation was part of the written negotiated plea is impossible to determine on appeal since the document is not part of the record, but the transcript of the sentencing proceedings clearly indicates Weiner was aware that probation probably would be imposed if he changed his plea from not guilty to no contest.
The court is under a duty to impose a sentence for each offense notwithstanding that the offenses are combined in one scoresheet. § 775.021(4), Fla. Stat. (1987). However, the total sentence cannot exceed the total guidelines sentence unless a written reason is given. Fla.R.Crim.P. 3.701(d)(12).
The reference to "sentence" in the rule means incarceration, not periods of probation. The recommended length of a prison sentence under the guidelines has nothing to do with the length of probation given as an alternative to prison. Petrillo v. State, 554 So.2d 1227. The period of probation, when combined with the period of incarceration, is limited only by the statutory maximum for the crime. Loomis v. State, 531 So.2d 423 (Fla. 5th DCA 1988); O'Brien v. State, 478 So.2d 497 (Fla. 5th DCA 1985); Bell v. State, 479 So.2d 309 (Fla. 5th DCA 1985). The statutory maximum for a second-degree felony is 15 years. § 775.082(3)(c), Fla. Stat. (1987). Since Weiner chose to commit two second-degree felonies, the statutory maximum is 30 years because the court has discretion to impose consecutive sentences for the two offenses. § 775.021(4), Fla. Stat. The only limitation prescribed by the guidelines themselves is upon the incarcerative portion of the sentence, and this was intentionally waived by Weiner.
We would point out to the state that Weiner has offered to be resentenced for a period of 5 1/2 years in the Department of Corrections if all probation is deleted. Query: If Weiner did violate the terms of his probation after serving the 5 years in the Department of Corrections, would not the maximum period be 5 1/2 years of incarceration with 5 years' credit for time served? This would seem to be the result of a probation violation bump to the next cell and the decision in Niehenke v. State, 561 So.2d 1218 (Fla. 5th DCA, 1990). In any event, the trial court, not the defendant, has the option of imposing probation or incarceration. Woods v. State, 542 So.2d 443, 444 (Fla. 5th DCA 1989); Petrillo v. State, 554 So.2d 1227 (Fla. 2d DCA 1990).
The judgment and sentence are affirmed but with a correction to reflect that Weiner pled no contest to the second-degree felony *394 of sexual battery under section 794.011(5), not to a life felony under section 794.011(3).
AFFIRMED.
COWART and GOSHORN, JJ., concur.