SMITH, Judge.
Appellant seeks reversal of the sentences imposed upon his conviction for two counts of sexual battery on a person over the age- of twelve years with the use of deadly force, and his conviction for resisting arrest with violence. We affirm.
Appellant argues that the trial court committed reversible error by imposing a sentence not in accordance with his plea agreement. Having carefully reviewed the transcript, we find that the plea agreement did not bind the court to a maximum sentence of 17 years, as contended by appellant in this appeal, but required the court to sentence appellant within the guidelines, which produced a recommended range of 17 to 22 years. Appellant received a sentence of 22 years incarceration. Accordingly, we find the first issue raised by appellant to be without merit.
Appellant also argues that the lower court erred in stacking consecutive sentences on offenses which arose out of the same criminal episode. The two sexual battery counts, however, are not identical. Rather, the information reflects that appellant was charged with two distinct offenses, and appellant pled no contest to these charges. Nor do we agree that the total sentence imposed for all three offenses constitutes a de facto departure sentence.
Appellant was sentenced to 22 years in prison on the first sexual battery count, to life probation on the second sexual battery count, and to five years probation for the third offense — resisting arrest with violence. The periods of probation are to be served concurrently with each other, but consecutive to the prison term. This also was in accordance with the plea agreement. Sexual battery with a deadly weapon is a life felony under section 794.011(3), Florida Statutes (1991), and is punishable by a term of imprisonment for life or by a term of imprisonment not exceeding forty years. Section 775.-082(3)(a), Florida Statutes (1991).
Appellant’s guidelines scoresheet produced a recommended range of 17 to 22 years, as above noted, and a permitted range of 12 to 27 years. It is clear that a single guidelines scoresheet must be utilized for all offenses pending before the court for sentencing. Fla.R.Crim.P. 3.701(d); Tripp v. State, 622 So.2d 941 (Fla.1993). It is also clear that a sentence must be imposed for each separate offense, but the total incarcerative portion of the sentence cannot exceed the permitted guidelines range unless a written reason is given. Fla.R.Crim.P. 3.701(d)(12); Tripp, supra. However, because the sentences for probation in this ease were imposed for offenses separate from the offense for which a prison term was imposed, and did not exceed the statutory máximums for these offenses, the sentences are permissible. See, Petrillo v. State, 554 So.2d 1227 (Fla. 2d DCA 1990); Weiner v. State, 562 So.2d 392 (Fla. 5th DCA 1990); and Reynard v. State, 622 So.2d 1026 (Fla. 1st DCA 1993).
Ward v. State, 558 So.2d 166 (Fla. 1st DCA 1990), is not applicable here. In Ward, this court held that when a trial court imposes a sentence of incarceration for a term of years followed by a period of probation, the total sentence, i.e., the periods of incarceration and probation combined, cannot exceed 40 years when sentencing under section 775-082(3)(a). However, in Ward, we were referring to a sentence for a single offense. In the instant case, the two sentences of probation have been imposed for two separate offenses; three sentences were given in all, *120 pursuant to rule 3.701(d)(12) for the three offenses to which appellant pled no contest.
Accordingly, we AFFIRM.
BARFIELD and MICKLE, JJ., concur.