664 So.2d 1116 (1995)
Roosevelt JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3270.
District Court of Appeal of Florida, Fourth District.
December 13, 1995.
Rehearing Denied January 10, 1996.
Roosevelt Jones, Polk City, pro se appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from an order denying appellant's rule 3.800(a) motion. We reverse and remand with direction.
*1117 Appellant was originally charged with two counts of capital sexual battery against the same victim. Count one charged multiple acts committed between March 18, 1989 and March 20, 1989. The second count charged multiple acts occurring between August 28, 1984 and March 18, 1989. On August 10, 1989, appellant pled no contest to the lesser included charges of sexual battery in a familial custody capacity.
The plea agreement included a recommended sentence of twenty-five years imprisonment, followed by ten years probation. It was explained at the sentencing hearing that his guidelines range was seven to seventeen years, with a statutory cap of thirty years. The fact that the recommended sentence exceeded the statutory cap was raised at the sentencing hearing. The trial court responded by sentencing the appellant to twenty-five years imprisonment followed by five years probation on count I and twenty years imprisonment followed by ten years probation on count II, with counts I and II to run concurrently, explaining, "I think we'll stay within the statutory limits that way." While the sentencing order provides for concurrent sentences, because the probationary terms must run consecutively to the prison terms, the net effect is a total prison term of twenty-five years, followed by a total probationary term of ten years.
The appellant's rule 3.800(a) motion listed three challenges to the legality of his sentence and one challenge to his conviction. One of the claims states a legally sufficient basis for rule 3.800(a) relief  that the total split sentence exceeds the statutory maximum.[1]
The one issue that the parties were ordered to address in our previously issued show cause order fits within the Florida Supreme Court's recent limitation of rule 3.800(a) to claims that the movant's sentence exceeds the statutory maximum sentence permitted and guidelines scoresheet miscalculations. Davis v. State, 661 So.2d 1193 (Fla. 1995); State v. Callaway, 658 So.2d 983 (Fla. 1995). Appellant claims that his total split sentence exceeds the statutory maximum by five years, and is therefore illegal. If the appellant's position is correct, the sentence is an illegal split sentence. Gonzales v. State, 658 So.2d 1091 (Fla. 4th DCA 1995); Weidner v. State, 559 So.2d 705 (Fla. 4th DCA 1990). Appellant's agreement to the thirty-five year sentence as part of his plea bargain did not waive any illegality. Larson v. State, 572 So.2d 1368, 1371 (Fla. 1991) (defendant cannot agree to an illegal sentence).
Under the 1989 version of the law, the maximum sentence permitted by statute for the first degree felony of sexual battery committed in a familial setting was thirty years. §§ 775.082(3)(b); 794.041(2)(b), Fla. Stat. (1989). The guidelines provided for a sentence in the permitted range of seven to seventeen years, but the trial court departed upward on the basis of the plea agreement.[2]
Appellant was sentenced to two concurrent terms of imprisonment, the longer of which was twenty-five years, to be followed by two concurrent terms of probation, the longer of which is ten years. In its response to our show cause order, the state does not address the fact that the cumulative length of the appellant's split sentence totals thirty-five years (a total of twenty-five years prison, followed by a total of ten years probation). Instead, it relies on the fact that the sentence is technically subdivided into two separate split sentences for the individual counts, each of which totals only thirty years (twenty-five years prison and five years probation on count I; twenty years prison and ten years probation on count II). The state cites no authority for the proposition that this subdivision of the sentence by counts renders legal the otherwise excessive cumulative sentence.
*1118 There is such authority, but it is distinguishable. In McClain v. State, 633 So.2d 1131 (Fla. 3d DCA 1994), and Thompson v. State, 558 So.2d 111 (Fla. 3d DCA 1990), the third district held that a cumulative sentence may exceed the statutory maximum for the most serious offense, provided that the individual sentences for each count do not. In those cases, the court approved total sentences that were within the guidelines range, but which exceeded the statutory maximum for the most serious count. The fact that the trial court imposed a split sentence in this case, while the third district had considered sentences consisting only of prison time would not seem to be a material distinguishing factor, since the sentences in both situations were subject to the statutory cap.
In Thompson, the sentencing guidelines range was seventeen to twenty-two years. However, the maximum sentence permitted on each of the two counts of conviction was ten years, pursuant to the habitual offender statute. The trial court imposed seventeen year concurrent sentences on each of the two counts. The third district reversed the sentence and remanded the case for imposition of consecutive sentences on the two counts that did not individually exceed the ten year cap, but which added up to the seventeen year guidelines sentence. Id. at 112.
The Thompson court held that this result was required by the Florida Supreme Court's holding in Branam v. State, 554 So.2d 512 (Fla. 1990). Id. In Branam, the Supreme Court held that, in order to achieve sentencing guidelines' goal of uniformity in sentencing, trial courts must impose a combination of concurrent and consecutive statutory maximum sentences on individual counts to achieve a total sentence that approximates the sentence required by the guidelines, in those situations where the guidelines call for a sentence that exceeds the statutory maximum.
Here, the total thirty-five year sentence was consistent with a plea bargain in which the parties agreed to exceed the statutory cap, and so was not the result of the sentencing guidelines, which would have resulted in a sentence well below the maximum permitted by law. This distinction requires a different result, because Branam does not apply. In White v. State, 618 So.2d 354, 359 (Fla. 1st DCA 1993), a case in which the trial court imposed a habitual offender sentence rather than the guidelines, the first district noted that the decision not to impose a guidelines sentence was a material fact that distinguished that case from Thompson, since Branam did not apply. Compare Mitchell v. State, 573 So.2d 446 (Fla. 2d DCA 1991), where the plea agreement called for a guidelines sentence, and Branam was found to apply.
In the absence of any contradictory requirement (such as Branam), the trial court's sentencing discretion was limited by the statutory cap. Because the probationary portions of the split sentence imposed in this case will have to run consecutive to the prison terms, the cumulative sentence exceeds the maximum permitted by law and is therefore illegal. On remand, appellant is to be resentenced. The components of the new sentence must not exceed thirty years.
GUNTHER, C.J., and GLICKSTEIN and WARNER, JJ., concur.
NOTES
[1] The appellant filed an earlier rule 3.850 motion on other grounds. The order denying that motion was affirmed without opinion in closed case no. 90-3415. Because the appellant's conviction and sentence became final more than two years before his second rule 3.850 motion was filed, the only issue that he was entitled to raise was the legality of his sentence. Fla.R.Crim.P. 3.850(a).
[2] It is clear that the sentence could have exceeded the statutory cap if the two counts had been charged under different case numbers. Horner v. State, 617 So.2d 311, 312-13 (Fla. 1993).