763 So.2d 480 (2000)
Roy C. MAYNARD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1229.
District Court of Appeal of Florida, Fourth District.
July 5, 2000.
*481 Roy C. Maynard, Jay, pro se.
No appearance required for appellee.
PER CURIAM.
Appellant claims the trial court miscalculated his sentence because it improperly classified a prior conviction as a level 7 offense. Appellant alleges Department of Corrections records indicate the conviction at issue is a level 6 offense. Although it is conceivable that Appellant's position may have merit, he sought relief by way of a motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).
To review Appellant's claim, the trial court would need to conduct an evidentiary hearing on that matter. The trial court did not err in denying his motion because rule 3.800(a) motions are limited to correcting sentencing errors that are apparent from the face of the record and which do not require an evidentiary hearing. See State v. Mancino, 714 So.2d 429, 433 (Fla.1998)(per curiam)("We hold credit time issues are cognizable in a rule 3.800 motion when it affirmatively alleged that the court records demonstrate on their face an entitlement to relief."); State v. Callaway, 658 So.2d 983 (Fla.1995)(holding that rule 3.800(a) motions should be limited to sentencing issues that can be resolved as a matter of law without an evidentiary determination), receded from on other grounds by Dixon v. State, 730 So.2d 265 (Fla.1999); Adlington v. State, 735 So.2d 513, 514 (Fla. 4th DCA 1999)("Rule 3.800(a) is limited to the correction of illegal sentences which do not require an evidentiary hearing."); Campbell v. State, 696 So.2d 953 (Fla. 4th DCA 1997)("Relief pursuant to Florida Rule of Criminal Procedure 3.800 is unavailable for matters not ascertainable from the face of the record."). Appellant's motion may be filed as a rule 3.850 motion for post-conviction relief provided it is done so within the applicable two year time limitation.
Appellant also claims that his sentence of thirty months imprisonment, followed by thirty-six months probation for separate offenses, is illegal because it exceeds the maximum 60 month sentence for a third degree felony authorized by law. We do not agree. An examination of the record shows Appellant pled guilty to four separate offenses, three of which were third degree felonies, each punishable by up to five years imprisonment. See § 775.082(3)(d), Fla. Stat. (1997). Unlike those cases where a defendant's combined sentence of imprisonment and probation for a singular offense exceeds the maximum sentence authorized by law, the trial court imposed separate sentences. Cf. *482 State v. Holmes, 360 So.2d 380 (Fla.1978); Weidner v. State, 559 So.2d 705 (Fla. 4th DCA 1990); Ortiz v. State, 696 So.2d 916 (Fla. 5th DCA 1997). The trial court did not impose a probationary split sentence[1] for any one offense. Rather, it imposed a sentence for each offense notwithstanding that the offenses are combined in one scoresheet. See Weiner v. State, 562 So.2d 392, 393 (Fla. 5th DCA 1990)("The court is under a duty to impose a sentence for each offense notwithstanding that the offenses are combined in one scoresheet."). The period of probation is limited only by the statutory maximum for the crime. Id. Here, Appellant's separate sentences of thirty months imprisonment for count I to be followed by thirty-six months probation in counts II and III (the sentences for the latter counts running concurrently) do not exceed the statutory maximum sentences permitted for these offenses.
Accordingly, we affirm the trial court's order.
AFFIRMED.
WARNER C.J., DELL and STONE JJ., concur.
NOTES
[1] A probationary split sentence "occurs when the judge sentences a defendant to a period of incarceration followed by a period of probation or any form of community control." Franklin v. State, 545 So.2d 851, 852 (Fla. 1989).