912 So.2d 61 (2005)
Mark BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1625.
District Court of Appeal of Florida, Second District.
September 28, 2005.
*62 CASANUEVA, Judge.
Mark Brown appeals the denial of the trial court's order denying his motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm, although not for the reasons stated in the order by the trial court.
Brown's motion alleged that he is entitled to 62 days' jail credit for time spent in Pasco County Jail from March 23, 2004, to April 15, 2004, and from October 22, 2004, to November 30, 2004. Brown's motion further alleged that the trial court failed to award him any credit for time served. The trial court denied the motion on the merits and concluded that Brown waived his right to credit for time served when he accepted a plea offer of 364 days' incarceration with no credit for time served and rejected an offer of 18 months' prison with 62 days' jail credit.
We affirm the trial court's order because Brown's motion is facially insufficient. See Gilbert v. State, 805 So.2d 70, 71 (Fla. 2d DCA 2002) (holding that a rule 3.800(a) motion that does not allege that the court records show the defendant's entitlement to additional jail credit is facially insufficient). Our affirmance is without prejudice to Brown's right to refile a facially sufficient motion for jail credit pursuant to rule 3.800(a). Such motion will not be considered successive.
If Brown's motion were facially sufficient, we would have been obligated to reverse the trial court's order because it failed to attach any records to the order to conclusively refute Brown's claim. The trial court did not attach the signed plea agreement or the transcript of the plea colloquy showing that Brown agreed to waive the requested jail credit. See Reed v. State, 810 So.2d 1025, 1027 (Fla. 2d DCA 2002) (holding that the trial "court records must establish the defendant's clear intent to waive a portion of his" accrued jail time in order to deny a facially sufficient motion for additional jail credit on the grounds of a waiver).
Affirmed.
VILLANTI and WALLACE, JJ., concur.