PER CURIAM.
 

 Johnny Santiago appeals the summary denial of his motion for additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm because the motion is legally insufficient.
 

 Santiago’s motion alleged that he is entitled to ten days of additional jail credit on an Orange County felony case. An error in a trial court’s award of jail credit can be raised at any time in a motion filed pursuant to rule 3.800(a). However, the motion must affirmatively allege that the trial court records demonstrate on their face an entitlement to re
 
 *790
 
 lief. A mere conclusory allegation that the answer lies in the record is insufficient to satisfy the pleading requirements of the rule.
 
 Baker v. State,
 
 714 So.2d 1167, 1167 (Fla. 1st DCA 1998). At a minimum, a rule 3.800 motion should state where in the record the information can be located and explain how the record demonstrates entitlement to relief.
 
 Alfonso v. State,
 
 901 So.2d 939, 939 (Fla. 4th DCA 2005);
 
 Toro v. State,
 
 719 So.2d 947, 948 (Fla. 4th DCA 1998). That was not done here, as Santiago merely alleges, without any reference to the record, that he is entitled to additional jail credit.
 
 [1]
 

 If the claim cannot be resolved from the face of the record without resorting to fact-finding, Santiago must file a timely motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.
 
 Maynard v. State,
 
 763 So.2d 480, 481 (Fla. 4th DCA 2000). We affirm without prejudice so that Santiago can file a legally sufficient motion.
 

 AFFIRMED WITHOUT PREJUDICE.
 

 GRIFFIN, ORFINGER and TORPY, JJ., concur.
 

 [1]
 

 . If Santiago's motion was facially sufficient, we would be obligated to reverse the trial court’s order because it failed to attach any records to refute Santiago's claim.
 
 Brown v. State,
 
 912 So.2d 61, 62 (Fla. 2d DCA 2005).