PER CURIAM.
Appellant appeals the order summarily denying his rule 3.800(a) motion to correct illegal sentence filed March 27, 2013, in Orange County case number 2010-CF-10164-A-O. Appellant asserts he was incarcerated in the Orange County jail from July 15, 2010 until July 19, 2010, and thus is entitled to five days’ credit for time served as opposed to the two days’ credit he was provided. In support of his claim, Appellant attached an Orange County Corrections Department “Letter of Incarceration (Body Receipt),” which is not part of the lower court record and is, therefore, hearsay. The existing record supports the trial court’s denial of relief, as acknowledged by Appellant. Because Appellant’s claim is not apparent on the face of the record, rule 3.800(a) is not available to obtain relief. Appellant’s claim must be advanced in a rule 3.850 motion since it was not presented in a rule 3.800(b) motion. Appellant has until September 12, 2013, to file a sufficient rule 3.850 motion. See Santiago v. State, 22 So.3d 789 (Fla. 5th DCA 2009) (stating that if claim cannot be resolved from face of record without resorting to fact-finding, defendant must file timely rule 3.850 motion). Accordingly, we affirm without prejudice to Appellant to file his claim in a timely and legally sufficient motion pursuant to Florida Rule of Criminal Procedure 3.850.
AFFIRMED without prejudice.
TORPY, C.J., ORFINGER and COHEN, JJ., concur.