450 So.2d 907 (1984)
Rosa Lee SANDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-157.
District Court of Appeal of Florida, Fourth District.
May 30, 1984.
Richard L. Jorandby, Public Defender, and Lawrence Duffy, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Andrew N. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
The defendant appeals raising as the sole issue an adjudication ordering her to pay $10 to the Crimes Compensation Fund. We reverse on the authority of Jenkins v. State, 444 So.2d 947 (Fla. 1984), with instructions that a determination of defendant's ability to pay be made only after adequate notice to the defendant in accordance with the Supreme Court's recent cited opinion on this subject.
We also wish to address a further rather troublesome issue presented in this case. The defendant's trial occurred in the Nineteenth Judicial Circuit where she was found to be indigent. In accordance with Chapter 27 governing Public Defenders and Rule of Appellate Procedure 9.140, the Public Defender from the Nineteenth Circuit was initially designated as trial counsel. Thereafter, the same Public Defender from the Nineteenth Circuit was designated as appellate counsel for the limited purpose of filing the initial appellate papers. The Public Defender (trial counsel) proceeded in accordance with Appellate Rule 9.140(b)(3) in the filing of the notice of appeal, directions to the clerk, designations to the court reporter, and the statement of judicial acts to be reviewed. After the preparation and filing of the record on appeal and the transcript of testimony, the Public Defender for the Fifteenth Circuit was designated as appellate counsel for the handling of the matter before the Fourth District Court of Appeal, pursuant to Section 27.51(4)(d), Florida Statutes (1981).
*908 The record on appeal contains a 387-page transcript of the defendant's trial. This transcript cost $1,064.25, and was paid for by the Board of County Commissioners of Indian River County out of tax money from that County. The sole point raised on appeal relates to the $10 payment to the Crimes Compensation Fund, and the only portion of the transcript necessary or even remotely relevant to this point on appeal is the defendant's sentencing hearing. In all, approximately three pages of this transcript were necessary.
Recognizing the practical and constitutional problems inherent in attempting to determine relevant portions of a transcript for appeal purposes, this court requested the Public Defenders involved to comment on their compliance with Florida Rule of Appellate Procedure 9.140(d), which provides as follows:
(d) Record. Within 50 days of filing the notice, the clerk shall prepare the record prescribed by Rule 9.200 and serve copies of the index on the Attorney General and all parties. The clerk shall retain the original of the record and shall forthwith transmit copies thereof to the court, to the Attorney General and to the office of a public defender appointed to represent an indigent defendant. Counsel for a non-indigent defendant may, upon request, simultaneously receive from the clerk a copy of the record (other than a transcript of the trial proceeding) at the cost prescribed by law.

If a defendant's designation of a transcript of proceedings requires expenditure of public funds, trial counsel for the defendant (in conjunction with appellate counsel whenever possible) shall serve, within 10 days of filing the notice, a statement of the judicial acts to be reviewed and a designation to the court reporter requiring preparation of only so much of the proceedings as fairly supports the issues raised. Either party may file motions in the lower tribunal to reduce or expand the transcript. [Emphasis supplied.]
Obviously, this rule was designed to protect the public treasury from the expenditure of unnecessary monies for the preparation of trial transcripts. There are obvious conflicting interests. Under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), it is clear that an indigent defendant has the right to a full transcript even in situations where counsel can find no merit to any issue. We fully recognize that a defendant's appellate rights may not be lessened by his inability to pay for the transcript. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), and Burns v. Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959). Recognizing the existence of competing principles (public economy and full appellate review), we still think the rule requiring a consultation between trial counsel and appellate counsel in the early stages of the appeal has merit and will result in a better appellate product rather than sacrificing any of the defendant's rights.
We recognize that there are practical problems in existence. The Public Defender of the Fifteenth Circuit does not know about an appeal filed by a Public Defender of the Nineteenth Circuit unless the Public Defender from that circuit directly contacts him and advises of it. Similarly, we are cognizant of the fact that the trial attorney is often designated as "appellate counsel" for the filing of the initial appeal papers. The Public Defender for the Fifteenth Circuit points out that his office is not actually formally designated as appellate counsel until after the transcript is prepared and filed. We think these are matters of form rather than of substance. In a situation where the Public Defender for one circuit serves as trial counsel and the Public Defender from another circuit serves as appellate counsel, this fact is statutorily mandated and well known by both offices. Thus, as we construe Appellate Rule 9.140(d), counsel from the two offices are required to confer regarding the statement of judicial acts to be reviewed and the designation to the court reporter so as to limit the transcript, if possible.
*909 We compliment the offices of the Public Defender of the Fifteenth and the Nineteenth Circuit for their excellent responses to our inquiries in regard to this matter. We are confident that these offices are fulfilling their statutory responsibilities and the further requirements of the Rules of Appellate Procedure. We note, however, that Rule 9.140(d) is phrased in mandatory language and that there was in fact no conference or any contact whatsoever between trial and appellate counsel in this case. We thus hold that whenever possible, trial and appellate counsel are to confer as specifically required by the Rule. Such a conference may or may not result in a shorter transcript. Even if the conference does not minimize transcript costs, it may well serve other useful purposes. Involving appellate counsel early will benefit the defendant in the long run. Obviously, trial counsel is the one who is knowledgeable as to perceived errors in the trial court and is certainly in a position to alert future appellate counsel as to those perceived errors which were preserved by having been brought to the attention of the trial court.
We are required to reverse this case under the mandate of Jenkins v. State, supra, and to remand for further proceedings.
Obviously, it is not financially worthwhile to the taxpayers of this state to transport the appellant back from prison and hold another hearing to determine the $10 issue involved in this appeal. Unfortunately, thousands of tax dollars have already been spent on this $10 issue. A further sentencing procedure will cost the taxpayers unnecessary money, but we have no other choice under the existing structure and strictures of the judicial system.
REVERSED AND REMANDED.
LETTS and HERSEY, JJ., concur.
BERANEK, Judge, concurring specially.
In addition to the preceding opinion, I write separately due to my unique position as a resigning judge. I have announced my resignation from the Fourth District Court of Appeal to return to the private practice of law. I have decided to render further proceedings in this case unnecessary by personally paying the $10 to the Crime Compensation Fund on the defendant's behalf. This payment will be made by me as a private citizen on the first day after my resignation becomes effective. Lest there be any doubt, the payment is not being made out of any sympathy for the defendant. I seriously doubt that the defendant is concerned with this issue.