561 So.2d 587 (1989)
James Lawrence BLANTON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-03585.
District Court of Appeal of Florida, Second District.
June 30, 1989.
Rehearing Denied May 16, 1990.
James Lawrence Blanton, pro se.

ORDER ON PRO SE MOTIONS
PER CURIAM.
Appellant James Lawrence Blanton has filed several motions requiring resolution by this court. These motions are either facially insufficient or completely misleading, and illustrate problems with pro se representation which this court is confronting with increasing frequency. The filing of inappropriate, repetitive, or frivolous pleadings places an unwarranted burden upon the staff of this court and interferes with the prompt dispatch of the court's duties. We therefore deem it appropriate to issue this order in opinion form, not just to admonish Blanton personally but to caution all potential pro se litigants that we will insist upon certain standards of diligence and responsibility even as we take into consideration the less stringent technical requirements applicable to prisoner self-representation.
Two of Blanton's motions, both originally filed in circuit court, seek to supplement the record on appeal. The first motion, filed April 14, 1989, demands transcripts of "all bond hearings and pretrial hearings," which Blanton asserts he needs because "statements [of] the facts were established during these hearings [that] are essential ... to raise issues on ... appeal." The second, filed May 1, 1989, is less specific, alleging only that Blanton needs "the complete record of sufficient documents." The record was received by this court April 3, 1989. It consists of four volumes, primarily trial transcripts. As asserted in the motions, Blanton did include in his directions and designations a request for "all *588 bond hearings and pretrial hearings." There appear to be no transcripts fitting this description. Nevertheless, we decline to require production of any additional transcripts on the basis of the motions now before us.
Blanton argues, and we agree, that an indigent criminal defendant may not be precluded from full and meaningful appellate review simply because he cannot afford the cost of transcripts. However, many defendants appear not to realize that the right to a free transcript is not unlimited.
It is simply not a proper expenditure of public funds to pay for a transcript of testimony that has no bearing on the issues presented to the appellate court as contended grounds for reversal.
Cueni v. State, 303 So.2d 411, 415 (Fla. 1st DCA 1974), cert. denied, 310 So.2d 738 (Fla.), cert. denied, 423 U.S. 837, 96 S.Ct. 64, 46 L.Ed.2d 56 (1975). See also, Cassoday v. State, 237 So.2d 146 (Fla. 1970) (movant under Fla.R.Crim.P. 3.850 not entitled to transcripts simply for perusal in hopes of spotting errors).
Prior to 1977 free transcripts were not mandatory unless it could be demonstrated that they related to an assignment of error. See, e.g., Moore v. State, 298 So.2d 561 (Fla. 1st DCA 1974). The present rule 9.140(d), Florida Rules of Appellate Procedure, provides that when "a defendant's designation of a transcript of proceedings requires expenditure of public funds, ... the defendant ... shall serve, within 10 days of filing the notice [of appeal], a statement of the judicial acts to be reviewed and a designation to the court reporter requiring preparation of only so much of the proceedings as fairly supports the issues raised." This rule, like the principle espoused in Moore, is intended to protect the public treasury from unnecessary expenditures. Sanders v. State, 450 So.2d 907 (Fla. 4th DCA 1984).
Utilizing such a standard we conclude that the motions to supplement do not set out a valid claim for additional transcripts. Neither a court reporter, the trial court clerk, nor this court should be required to divine the significance of a "pretrial motion" when the specific type of motion and the date of hearing (if any) are not specified in the appellant's directions and designations. As to the one proceeding described with any specificity, we reject Blanton's bare assertion that a pretrial bond hearing, its outcome now mooted by the conviction and sentence, would involve matters relevant to the present appeal.
We caution that this holding is not intended to excuse clerks and court reporters from ignoring specific, bona fide directions from criminal litigants, whether pro se or represented by counsel. This court cannot assume the responsibility of second-guessing all requests for free transcripts. Generally the state, as appellee, will have been served with copies of all pleadings and will be in a better position to object when a defendant has failed to use discretion in his directions to the court reporter and clerk. "Either party may file motions ... to reduce or expand the transcript." Fla.R. App.P. 9.140(d) (emphasis supplied).
Blanton also requests a six-month extension of time to file his initial brief. A review of the file reveals that Blanton previously was granted one extension of time until May 31, 1989. While this court is not averse to granting second extensions in unusual and compelling circumstances, particularly where pro se litigants are involved, we deem Blanton's request patently unreasonable in light of the reasons given.
Blanton begins by stressing the limited time available to him for legal research and the general difficulties faced by a layman charged with preparing his own case. For example, he states that his access to the institutional law library is limited, that his receipt of the record on appeal from the public defender was delayed, and that he has only a "small amount of criminal law training" to deal with this "complex" appeal. While we have no reason to dispute any of these assertions, we must presume that pro se litigants are aware of such difficulties when they decline to accept the services of court-appointed counsel. "The right of self-representation is not a license to capriciously upset the appellate timetable... ." *589 Webb v. State, 533 S.W.2d 780, 786 (Tex. Crim. App. 1976).
We are even more concerned by an additional allegation contained in Blanton's motion. He protests that he has "no choice but to represent himself" because he has a conflict of interest with the public defender for the Tenth Judicial Circuit, who normally would have been appointed for purposes of this appeal, and because this court has refused to appoint substitute counsel.
Historically this court has entertained, and often granted, defendants' requests to exercise the limited right to represent themselves on appeal. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In recent months such requests have increased, a fact we attribute to inmate dissatisfaction with the chronic backlog in the public defender's appellate caseload. Blanton's desire for self-representation was first made known to this court in a letter dated January 5, 1989. Blanton cited Faretta and stated that "this is the direction ... I have chosen to take." While he did express dissatisfaction with his trial attorney, Blanton made no reference to the separate public defender office which ordinarily would be responsible for the appeal. Out of an abundance of caution this court determined that Blanton should be contacted by letter and advised that substitute counsel would not be appointed absent a clear showing of a conflict of interest with appellate counsel. Blanton's response, dated February 21, 1989, stated, "I do understand and do not want the public defender's office on my case." He further alleged that trial counsel had an unspecified "relationship" with the appellate office and, as a result, "a conflict of interest is at issue." Deeming this showing of a "conflict" totally insufficient, we entered the March 1, 1989, order allowing Blanton to represent himself. Blanton's inclusion at this late date of allegations of conflict, totally unsupported by a factual basis, merits no consideration by this court.
The motions to supplement the record on appeal are denied. The motion for extension of time is granted only to the extent Blanton shall have thirty days from the date of this order within which to file his initial brief. No further requests for extension of time will be granted absent a showing of extreme emergency, and the filing of a frivolous motion for extension of time will not serve to toll the due date for Blanton's brief. No motion for rehearing of this order will be permitted.
CAMPBELL, C.J., and SCHEB and HALL, JJ., concur.