PER CURIAM.
ORDER ON MOTION TO WITHDRAW AND OTHER PENDING MOTIONS
The Public Defender, Tenth Judicial Circuit, has moved to withdraw as counsel for James R. Compo in three separate cases.
I. The Nature of the Appeals Involved.
Appeal 92-01077 involves two separate circuit court cases. In case number 86-3 Compo was on probation for dealing in stolen property; in case number 90-168 he was charged with four counts of fraudulent use of a credit card and four counts of petit theft. On April 16, 1991, Compo ap *364 peared before the circuit court and entered pleas of no contest to the 1990 charges and to violation of the 1986 probationary term. The court imposed a split sentence May 20, 1991. The appeal was initiated by Compo’s pro se “motion for direct appeal of unlawful conviction.” This document, which we have treated as a notice of appeal, was timely filed.[1] The public defender was appointed to represent Compo, and a brief has been filed on his behalf.
Appeal 92-03321 involves a different circuit court case, number 92-296. Here Compo was charged with burglary of a structure and possession of burglary tools. He was tried and convicted in August, 1992, whereupon the circuit court granted a motion for new trial. When the state appealed this order, the public defender was appointed to represent Compo as appellee. No briefs are on file; the state’s motion for extension of time is pending.
Finally, appeal 92-03520 also involves circuit court case number 90-168. While the earlier appeal was pending, Compo apparently served out the incarcerative portion of his split sentence and began probation. On August 17, 1992, he appeared before the circuit court to answer charges of violation of probation, based on the felony offenses that are the subject of appeal 92-03321. Compo admitted the violation and was resentenced to prison. His trial attorney filed a timely notice of appeal and the public defender was appointed. No briefs are on file.
II. Previous Attempts to Remove the Public Defender.
In the months since his appeals were filed Compo has inundated this court with pro se pleadings. Most of these motions were addressed by orders entered January 12 and February 4, 1993.
The January order denied various, relatively innocuous “motions to amend belated appeals.”[2] Compo also moved “to dismiss all appeals filed by [the public defender] as frivolous.” In this motion Compo expressed dissatisfaction with the brief filed by that office.[3] Ordinarily, the policy of this court is to deny such motions. Where a criminal defendant is represented by the public defender or other counsel, it is left to the attorney’s judgment which issues to present. On occasion the client, his or her expectations of release often unrealistic, is not pleased with counsel’s efforts. Some seek to file supplemental pro se briefs,[4] or demand the appointment *365 of substitute counsel. However, the constitutional right to effective counsel does not require that defendant be allowed to serve as co-counsel; Goode v. State, 365 So.2d 381 (Fla.1978), cert, denied, 441 U.S. 967, 99 S.Ct. 2419, 60 L.Ed.2d 1074 (1979); or that he or she may demand or reject a specific attorney. Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983). If appellate counsel’s performance is identifiably deficient, the defendant has a remedy by way of habeas corpus. Johnson v. Wainwright, 463 So.2d 207 (Fla.1985). Based on these considerations, we refused to dismiss Compo’s public defender or strike the brief that he had already filed.
The February 4 order addressed another series of pro se filings. The first, a “motion to direct appeal of probation violation,” apparently refers to the circuit court proceedings occurring after this appeal was initiated. Since that adjudication and sentence also were appealed, the motion is moot. A second motion to dismiss the public defender was denied for the same reason as before. Finally, Compo’s “motion to have probable cause determination hearing because of criminal acts committed by [the public defender]” was treated as a scandalous pleading and stricken. The February 4 order concludes, “It appearing that appellant is represented by counsel in this case, the clerk is directed to accept no further pro se documents unless otherwise ordered by this court.”
Since the last order, panels of this court have reviewed several pro se motions and directed that they not be docketed. The tone of these documents reflects an escalating viciousness and some employ the most vulgar language imaginable. Had comments such as these been uttered before a trial judge, a citation for contempt of court would have been virtually inevitable. See, e.g., Ricci v. State, 549 So.2d 1186 (Fla. 2d DCA 1989); Butler v. State, 330 So.2d 244 (Fla. 2d DCA), cert. denied, 429 U.S. 863, 97 S.Ct. 168, 50 L.Ed.2d 142 (1976). Accompanying these filings are ancillary documents, such as Florida Bar complaint forms and letters of inquiry to the Attorney General, raising essentially the same complaint about the public defender’s ‘ ‘unauthorized’ ’ representation.
III. Basis for Appointing the Public Defender.
In many of his pro se pleadings Compo has contended that the public defender does not represent him “except by fraud.” Such allegations usually deserve no comment. However, it may be that Compo, under the unusual circumstances of this case, was unaware the public defender was to have prosecuted his appeal.
When initially arrested, Compo, who had been adjudged insolvent, asked for and received court-appointed counsel. Although the standardized order of appointment contains an optional check-off for counsel “in the event an appeal is taken,” the trial court did not make such appointment at that time. After the local public defender withdrew for conflict of interest, a private attorney represented Compo at the plea and sentencing but did not file a notice of appeal. There is no indication he was asked to do so.
Upon receipt of Compo’s pro se notice, this court, because of his indigent status, reappointed the public defender.[5] Neither this order nor subsequent correspondence was served on Compo personally.[6] The four-page “motion for direct appeal” in appeal 92-01077 does not include a request for appellate counsel. Such a request is made in the two other appeals, but by trial counsel rather than Compo himself. We have no way of determining whether trial counsel acted pursuant to instructions from Compo, or whether he merely assumed *366 Compo would want an appellate attorney for the two appeals. Therefore, even discounting the benefits of hindsight, we have no firm basis for concluding that Compo actually wants to be represented by counsel in these appeals. If he does not, then all orders appointing the public defender should be reconsidered.
IV. The Public Defender’s Motion to Withdraw.
Independent of Compo’s pro se efforts, the public defender has filed identical motions in the three appeals. These request “immediate withdrawal from representation” and allude to “actions” taken by Compo “which place the undersigned in an adversarial position with Mr. Compo making further representation ethically impossible.” No other details are provided in the motions themselves. However, items unashamedly submitted to this court by Compo himself offer clues as to what may have transpired.
Compo, like any other criminal defendant, is entitled to representation by counsel free from conflicts of interest. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); Barclay v. Wainwright, 444 So.2d 956 (Fla.1984). We can conceive of circumstances in which an attorney does not feel free to specify the exact nature of the conflict without risking additional prejudice to the client. We therefore find no basis for requiring a more specific motion on the part of the public defender. On the other hand, we are troubled by the possibility that a dissatisfied defendant can conduct himself in such a way to inflate a nonexistent conflict into a real one — thereby engineering his own “reward.”
Re-examining Compo’s pleadings, we find no specific request for a particular attorney or for any attorney. Instead, in at least one of his communications with the public defender, Compo demands that his appellate records be sent directly to him. We construe this as a manifestation of Compo’s intent to represent himself. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
The mere fact Compo may wish to handle his own appeal does not automatically entitle him to do so. At the trial level, the court is not obliged to grant every request for self-representation. There are instances in which acquiescence in such requests is likely to result in manifest injustice. Williams v. State, supra; Cappetta v. State, 204 So.2d 913 (Fla. 4th DCA 1967), rev’d in part, 216 So.2d 749 (Fla.1968), cert. denied, 394 U.S. 1008, 89 S.Ct. 1610, 22 L.Ed.2d 787 (1969). Similarly, appellate courts considering requests for self-representation take into account the likelihood of injustice to or intransigence by the pro se litigant. See, e.g., Blanton v. State, 561 So.2d 587 (Fla. 2d DCA 1989).
In the present case we have some doubt, based on the pleadings before us thus far, that self-representation is in Compo’s best interests. Putting aside his conspicuous usage of obscenities, it seems evident that he does not appreciate the often limited scope of appellate review. However, the fact that Compo’s advocacy skills are limited does not ipso facto preclude him from making the effort. Compo obviously is not illiterate, appears to possess a prodigious memory for the factual details surrounding his cases, and is adamant about prosecuting his appeals. So long as he understands that he may be operating at a disadvantage, he should be allowed to exercise the rights assured him by Faretta. Taylor v. State, 610 So.2d 576 (Fla. 1st DCA 1992).
V. Resolution of the Public Defender’s Motion; Other Pending Motions and Issues Presented by These Cases.
Except where an unlawful sentence has been imposed, a defendant is not entitled to appeal from a plea of guilty, or a plea of no contest where no appellate issues have been reserved. Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979). Both appeal 92-01077 and 92-03520 stem from pleas. However, appellate counsel in 92-01077 raises five issues, all relating to the legality of Compo’s sentence or the constitutionality of the statute under which *367 he was convicted. The latter is an issue which can be raised at any time, including for the first time on appeal. Cf. State v. Johnson, 616 So.2d 1 (Fla.1993). Thus appeal 92-01077 is not dismissible merely because it follows a plea. While a stronger argument for dismissal could be made with regard to appeal 92-03520, the record indicates continuing confusion over the length and legality of Compo’s sentence structure. Moreover, the same constitutional questions may apply to this case as well. For this reason, appeals 92-01077 and 92-03520 are hereby consolidated.
The public defender’s motion to withdraw as counsel is granted in all three cases, subject to the following conditions. Within twenty days of this order, Compo shall notify this court whether he intends to represent himself, or whether he wants this court to consider the appointment of substitute counsel. Compo shall serve a copy of that notification on the public defender. If it is Compo’s desire to proceed pro se, the public defender shall promptly forward to him the three appellate records. If Compo desires the appointment of other counsel, he shall state specific reasons why he believes a legitimate conflict of interest exists with his present attorney. Such reasons shall not include dissatisfaction with the brief currently on file. In any event, the notification shall be under oath.
If Compo declares his intention to proceed pro se, the initial appellant’s brief currently on file in appeal number 92-01077 will be stricken. Compo shall have a total of sixty days from the date this opinion becomes final to file his initial pro se brief, which additionally will include any issues presented by appeal 92-03520. Failure to comply with this provision will subject the appeal to dismissal with prejudice. Moreover, any pro se brief will adhere to the requirements of Florida Rule of Appellate Procedure 9.210, including citations to the record on appeal in support of all assertions of fact. This court reserves the right to strike any pro se brief in substantial noncompliance with rule 9.210.[7] Any pro se brief or other future pleadings containing obscene, threatening, or abusive language similarly will be stricken by this court. Furthermore, Compo is hereby placed on notice that such conduct may subject him to additional sanctions including but not limited to dismissal of the appeal and citation for contempt of court.
If, on the other hand, Compo believes that he is entitled to the appointment of substitute counsel, the transfer of records and the timing of briefs will depend upon whether this court is convinced that such substitution is warranted. Thus, in the event Compo does ask for new counsel, the public defender shall retain the records until this court has disposed of that request. If new counsel is determined to be necessary, the public defender shall forward the records immediately after appointment. However, should Compo fail to demonstrate a legitimate conflict of interest apart from any that his own actions may have created, we will deny any request for substitute counsel. Cf. Williams; Wilder v. State, 156 So.2d 395 (Fla. 1st DCA 1963). Compo would then be required to choose between self-representation and continuing with the public defender. Matthews v. State, 584 So.2d 1105 (Fla. 2d DCA 1991).
The State of Florida, as appellant in appeal 92-03321, has requested an extension of time of thirty days to file its initial brief. That motion is hereby granted. In view of the confusion over Compo’s counsel status, copies of the initial brief shall be served on both the public defender and upon Compo personally.
*368 We direct publication of this necessarily lengthy order in the Southern Reporter where, hopefully, it will come to the attention of potential pro se litigants and inform them of the standards of conduct that are expected by this court.
HALL, A.C.J., and THREADGILL and BLUE, JJ., concur.

. Appellee's brief correctly states that "[t]here is no notice of appeal in this record.” The pro se notice came to this court directly from the clerk of the circuit court. However, the state proceeds to misconstrue this case as "a collateral appeal from the denial of a ... motion for postconviction relief.” Although the four-page notice does incorporate numerous grievances about Compo’s charges and the adequacy of his trial attorney, we are aware of no formal 3.850 motion.

. These motions appear to have several objectives. For example, one asks to amend appeal 92-01077 to include the 1986 conviction for dealing in stolen property. Insofar as Compo’s notice included this case number, the request arguably is moot. However, Compo disputes the sufficiency of the evidence, a matter appropriate only for direct appeal from the original conviction. The motion does not state a case for belated appellate review under either Baggett v. Wainwright, 229 So.2d 239 (Fla.1970), or State v. District Court of Appeal, First District, 569 So.2d 439 (Fla.1990). Moreover, this conviction was appealed, albeit unsuccessfully. See Compo v. State, 525 So.2d 505 (Fla. 2d DCA 1988).
Another motion asks for a belated appeal of a “concealed weapon charge.” Where one would expect to find a case number, Compo has written only "84 — Charlotte Co. Case." He claims that the weapon in question was seized illegally. Again, no legal basis is offered for belated review. Moreover, since the charge appears to have been a misdemeanor, the case is not properly before this court in any event.

. Compo cited three additional issues he wanted raised: denial of reasonable bond, ineffective counsel, and an alleged speedy trial violation. The first is moot; Cf. Blanton v. State, 561 So.2d 587 (Fla. 2d DCA 1989); the second is appropriate only for collateral postconviction proceedings; State v. Barber, 301 So.2d 7 (Fla.1974); and the third was waived by Compo’s plea of nolo contendere, which was made without reservation of any appealable issues; See State v. Ashby, 245 So.2d 225 (Fla.1971). Appellate counsel was therefore well-advised to avoid all three issues.

. An exception occurs when counsel has moved to withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Upon receipt of an Anders brief we *365 issue an order to the appellant authorizing the filing of a pro se brief if one is desired.

. Initially the local public defender is appointed in such cases. They designate an appellate record, if this has not already been done, and monitor the progress of its preparation. Once the record is complete, it is forwarded to the Bartow office of Mr. Moorman, which is responsible for appeals. At that time a specific attorney is assigned to argue the case.

. Similarly, there is no personal service of the appointment orders in appeals 92-03321 and 92-03520.

. It should be noted that Compo filed no pro se brief in the 18-month interval between his notice of appeal and the brief submitted by the public defender. This fact seriously undermines any suggestion that he intends to vigorously prosecute the appeal himself. Pro se litigants, no less than attorneys, must comply with the deadlines established by the rules of appellate procedure. Blanton. This court has the authority, if not a duty, to dismiss appeals which are not being prosecuted. However, because of the undeniable confusion surrounding the status of this appeal, we do not view dismissal as an appropriate sanction for this delinquency. Conceivably Compo intended his "motion for direct appeal," which includes factual assertions and legal arguments, to double as a brief; if so, it is inadequate for that purpose.