801 So.2d 185 (2001)
Yvonne SULLIVAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2886.
District Court of Appeal of Florida, Fifth District.
November 30, 2001.
*186 James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert E. Bodnar, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R.B., J.
Yvonne Sullivan appeals the sentence imposed after she was resentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla. 2000). Sullivan was originally sentenced to prison without any subsequent probation.[1] On resentencing, Sullivan contends that the trial court erred when it added a period of probation to follow her prison sentence, reduced as a result of Heggs. We affirm.
Because her offense occurred within the Heggs window period, Sullivan filed a motion to correct her sentence. See Trapp v. State, 760 So.2d 924 (Fla.2000). At resentencing, the trial court, utilizing a 1994 guidelines scoresheet, reduced her prison sentence from 80 months to 57.5 months, but added 10 years probation to follow.
Sullivan argues that by adding a term of probation to follow her prison sentence, the trial court improperly increased her sentence. She also contends that the sentence imposed was vindictive. We disagree. Once the trial court determined that resentencing was appropriate, the sentencing hearing was de novo. See St. Lawrence v. State, 785 So.2d 728 (Fla. 5th DCA 2001); June v. State, 784 So.2d 1257, 1259 (Fla. 5th DCA 2001). Sullivan does not dispute her reduced prison sentence; she only contests being placed on probation after her release from prison. Sullivan's contention that her sentence was increased by the imposition of 10 years probation is without merit.
While double jeopardy generally precludes a court from resentencing a defendant who has begun serving his or her sentence to a greater term because of its own misconception about the sentencing guidelines or the State's error in calculating the scoresheet, Navarrete v. State, 707 So.2d 803 (Fla. 1st DCA 1998), on resentencing, *187 Sullivan did not receive a greater sentence. Under the sentencing guidelines, the term "sentence" refers to the term of incarceration and not any term of probation. As a result, the recommended prison sentence under the guidelines is irrelevant to the length of probation given in addition to a prison sentence, except as limited by the statutory maximum for the offense. Weiner v. State, 562 So.2d 392, 393 (Fla. 5th DCA 1990). Here, the trial court reduced Sullivan's prison sentence. Sullivan's prison sentence and her probationary period do not exceed the statutory maximum for her offense established in section 775.082(3)(c), Fla. Stat. (1994). Therefore, it is a legal sentence. See Johnson v. State, 765 So.2d 310 (Fla. 5th DCA 2000) (holding that the fact that a split sentence exceeds guideline range is irrelevant, because only incarcerative portion of sentence must fall within guideline range). Accordingly, we find no error in the trial court's sentence.
We also reject Sullivan's argument that the sentence imposed was vindictive. In Wood v. State, 582 So.2d 751 (Fla. 5th DCA 1991), we held that the presumption of vindictiveness discussed in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), arises only when there is a reasonable likelihood of vindictiveness on the trial court's part. Id. at 753-54, 89 S.Ct. 2072. As stated previously, the trial court did not impose a harsher sentence; therefore, the presumption of vindictiveness is not implicated.[2]
AFFIRMED.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] Sullivan was originally sentenced under the 1995 guidelines to 80 months in prison, after she was tried and found guilty of aggravated battery.
[2] We also note a different trial judge sentenced Sullivan after familiarizing himself with the transcripts of the trial proceedings. See Harris v. State, 653 So.2d 402, 404 (Fla. 4th DCA 1995).