PER CURIAM.
 

 Gary A. Williams appeals from the denial of his Florida Rule of Criminal Procedure 3.800(a) motion. In his Volusia County case, Williams was charged with capital sexual battery upon a person less than twelve years of age. He entered into a favorable negotiated plea in which he pled nolo contendere in return for the lesser charge of attempted sexual battery while in a position of familial or custodial authority, a first-degree felony. As further consideration for his plea, the State agreed not to file charges in a separate case.
 

 Williams’ written plea agreement, which he and his counsel signed, was individually drafted and very specific about what it meant. He was sentenced, as agreed, to twelve years’ prison, followed by ten years of sexual offender probation. At the plea hearing, an extensive discussion ensued about the meaning and consequences of his plea. Williams was informed that filing a motion asserting that his sentence was illegal under the sentencing guidelines would be unsuccessful due to the terms of his plea agreement. Both his attorney and the trial judge presciently warned him that the jailhouse “lawyers” would tell him that he received an illegal sentence, and they explained to him why his sentence was not illegal. Williams expressly indicated his understanding. This was illustrated when his attorney stated, in open court with Williams present:
 

 I’ve explained to him that this is a plea negotiation that he have — he has received a huge benefit from. And as a result of that, he is agree — he has agreed to this increased incarcerative sentence. So that if he were to turn around and say that I was illegally sentenced, he is completely — one, he affects any gain time that the prison system would give him, as a result of this, because it would be a frivolous appeal. He also understands that there’s really nothing to appeal after today, because this is all something that we have negotiated, therefore,
 
 if he did appeal,
 
 the—
 
 he
 
 — he
 
 would end up being punished by whatever Appellate Court, through the department of prisons, for undertaking a frivolous appeal. And he does understand that and has indicated to me that
 
 
 *690
 

 he appreciates all the consequences of this negotiation.
 

 (Emphasis added.)
 

 Ignoring good advice, Williams filed his rule 3.800(a) motion, arguing precisely what his attorney and the judge told him was not a valid claim: “Since my incarceration, I have learned that the court erred in allowing me to agree to a sentence which is illegal under Florida laws.” His claim was based on the contention that his twelve-year prison sentence and ten-year probationary sentence, when added together, was “a severe upward departure sentence imposed without oral or written reasons.” Conveniently, he ignores the bottom of his scoresheet where it is written in bold letters: “SENTENCE AN AGREED UPON PLEA BARGAIN,” under which he initialed or signed his name.
 

 Williams ignores well-settled law in erroneously asserting that the probationary portion of his sentence has to fall under the guidelines when added to his prison sentence.
 
 See, e.g., Sullivan v. State,
 
 801 So.2d 185, 186 (Fla. 5th DCA 2001) (under sentencing guidelines, the term “sentence” refers to term of incarceration and not any term of probation; so prison sentence under the guidelines is irrelevant to length of probation to follow, except as limited by statutory maximum for offense), citing
 
 Weiner v. State,
 
 562 So.2d 392, 393 (Fla. 5th DCA 1990).
 

 He also wrongly maintains that his total twenty-two year sentence is “illegal” for his “first-degree felony” because it is a Level 7 crime. Again, the law is clear and well-settled that a defendant can agree, through a plea bargain, to a sentence not specifically authorized by statute or rule as long as the sentence does not exceed the statutory maximum.
 
 See Maddox v. State,
 
 760 So.2d 89, 103 (Fla.2000). The statutory maximum for a first-degree felony is thirty years. § 775.082(3)(b), Fla. Stat. (1993).
 

 After reviewing his motion and the applicable parts of the record, especially the extremely thorough and specific plea colloquy and written plea, we issued an order directing Williams to show cause why this court should not “issue a written finding and direct that a certified copy be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department.” See
 
 State v. Spencer,
 
 751 So.2d 47, 48 (Fla.1999) (litigant must be provided notice and opportunity to respond before preventing further attacks on conviction and sentence). Like his current appeal, Williams’ response cited and argued case law that was completely inapplicable.
 

 Williams’ motion, appeal, and response demonstrate that he will file pleadings without any attempt to ascertain the proper law on the subject and will ignore the plain words of the plea transcript and his
 
 own
 
 plea agreement. We warn him and other similarly situated defendants of the dangers in doing so.
 
 See, e.g., Simpkins v. State,
 
 909 So.2d 427, 428 (Fla. 5th DCA 2005) (directing Clerk to forward a certified copy of opinion to DOC for consideration of disciplinary procedures where inmate’s response demonstrates he obstinately persisted in asserting erroneous interpretations of the law);
 
 Johans v. State,
 
 901 So.2d 396, 396 (Fla. 5th DCA 2005) (banning further pro se pleadings in order “to conserve judicial resources” from a frivolous, abuse-of-process case).
 

 We recognize that Williams is a pro se litigant and therefore held to a less stringent standard in technical matters than an attorney.
 
 See Haines v. Kerner, 404 U.S.
 
 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, a defendant should make some attempt to divine whether the record in his case, or the law he cites,
 
 *691
 
 supports or defeats his claim. As one appellate court explained in discussing pro se prisoners’ filings:
 

 These motions are either facially insufficient or completely misleading, and illustrate problems with
 
 pro se
 
 representation which this court is confronting with increasing frequency. The filing of inappropriate, repetitive, or frivolous pleadings places an unwarranted burden upon the staff of this court and interferes with the prompt dispatch of the court’s duties. We therefore deem it appropriate to issue this order in opinion form, not just to admonish Blanton personally but to caution all potential
 
 pro se
 
 litigants that we will insist upon certain standards of diligence and responsibility even as we take into consideration the less stringent technical requirements applicable to prisoner self-representation.
 

 Blanton v. State,
 
 561 So.2d 587, 587 (Fla. 2d DCA 1989).
 

 The situation has only gotten worse in the years since
 
 Blanton
 
 was issued.
 
 See, e.g., Henderson v. State,
 
 903 So.2d 999, 1000 (Fla. 5th DCA 2005) (frivolous appeals do the criminal defendant no good; they clog the court system; and, worse, they hurt meritorious appeals, in part by engendering judicial impatience with all criminal defendants). “Every paper filed with [a court], no matter how repetitious or frivolous, requires some portion of the institution’s limited resources. A part of the Court’s responsibility is to see that these resources are allocated in a way that promotes the interests of justice.”
 
 In re McDonald,
 
 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989).
 

 The Clerk of this Court is directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See §§ 944.09, 944.279(1), 944.28(2), Fla. Stat. (2008). Having carefully considered Williams’ response, we conclude that this appeal is patently frivolous for the reasons previously explained.
 

 AFFIRMED; OPINION CERTIFIED; and FORWARDED to Department of Corrections.
 

 MONACO, C.J., GRIFFIN and COHEN, JJ., concur.