IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARK ALAN HAYNES,

      Appellant,

v.

MICHAEL ARMAN, ELA M. LUGO,
ET AL.,

      Appellees.

Case No. 5D15-2865

_____/

Opinion filed May 13, 2016

Appeal from the Circuit Court
for Volusia County,
Raul A. Zambrano, Judge.

Mark Alan Haynes, Port Orange, pro se.

Ela M. Lugo, of Lugo Law, Inc.
Edgewater, pro se and for Appellee,
Michael Arman.

No Appearance for Appellees, Ronald
Lester and Maxine Lester.

PER CURIAM.

Mark Alan Haynes ("Appellant") appeals the final summary judgment awarding Michael Arman and Ela M. Lugo ("Appellees") damages of just over $2 million, including a punitive damages award of $1,483,456. Because we find that disputed issues of material fact exist and that the awards for punitive damages and certain intangible

damages are peculiarly within the province of the jury, we reverse the final judgment on all issues, save one.

In 2004, Appellees contracted with Appellant to purchase real property located in Oak Hill, Florida. Because this property was completely surrounded by other property owned by Appellant, the contract between the parties for the purchase of the property and the later warranty deed provided Appellees with certain easements, including egress and ingress, across Appellant's properties.

For reasons not germane to the resolution of the present appeal, the relationship between the parties soon deteriorated, resulting in Appellees filing suit against Appellant in 2010. Appellees were later granted leave to amend their complaint to assert a claim for punitive damages and, in early 2015, filed the operative third amended complaint alleging the following six causes of action: (1) fraud in the inducement; (2) breach of contract and "trespass on the case";[1] (3) slander/disparagement of title; (4) trespass; (5) unjust enrichment; and (6) intentional infliction of emotional distress. Appellees demanded a jury trial on all counts.

Appellant, who was, by that time, and still is representing himself,[2] filed a detailed, but rambling response to the third amended complaint. Appellees thereafter filed their motion for summary judgment and attached to their motion, among other things, their affidavits, a partial transcript from an administrative hearing involving the parties, and a "schedule of damages," which included claims for damages in the amount

---

[1] Appellees' cause of action for "trespass on the case" appears to be a claim that Appellant was interfering with Appellees' rights to use certain easements.

[2] The trial court entered an order on December 15, 2014, allowing Appellant's prior counsel to withdraw.

of $10,000 for trespass, $97,500 for "mental anguish and suffering" related to the intentional infliction of emotional distress action, and a "treble damage calculation" of $1,565,821.02.[3]

Appellant filed a motion to dismiss and strike the motion for summary judgment, attaching numerous documents to his motion, including his own "Affidavit of Substantive Impeachable Truth and Facts," to which he also attached various exhibits. After the hearing, the trial court entered final judgment awarding Appellees $494,485.34, which is the total of the compensatory damages requested, and punitive damages of $1,483,456.00, which is exactly three times the compensatory damages, together with $27,455.00 in attorney's fees and $1,493.75 in court costs, for a total of $2,006,890.09. This appeal ensued.

The standard of review of a trial court's entry of a final summary judgment is de novo. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). In conducting this review, an appellate court must examine the record in the light most favorable to the non-moving party, which, in this case, is Appellant. *See Colon v. JPMorgan Chase Bank, NA*, 162 So. 3d 195, 197 (Fla. 5th DCA 2015). "A summary judgment should not be granted unless the facts are so crystalized that nothing remains but questions of law. . . . If the evidence will permit different reasonable inferences, it should be submitted to a jury as a question of fact." *Lashley v. Bowman*, 561 So. 2d 406, 408 (Fla. 5th DCA 1990) (citing *Moore v. Morris*, 475 So. 2d 666 (Fla. 1985)). Moreover, unless the moving party conclusively establishes, as a matter of law and fact,

---

[3] Essentially, Appellees asserted that, with the attorney's fees and court costs they had incurred in this litigation, their compensatory damages totaled $521,940.34, and that this amount should be "trebled."

its entitlement to the summary judgment, the opposing party is not required to file a counter-affidavit to defeat the motion. *Lindsey v. Cadence Bank, N.A.*, 135 So. 3d 1164, 1167 (Fla. 1st DCA 2014).

We find that the facts in this record are not so crystalized that nothing remains but questions of law, and we specifically address some, but not all, of the issues that require resolution by the jury. First, the trial court erred in its summary award of punitive damages. The law is clear that:

> When claims for punitive damages are made, the respective provinces of the court and jury are well defined. The court is to decide at the close of evidence whether there is a legal basis for recovery of punitive damages shown by any interpretation of the evidence favorable to the plaintiff. . . . Once the court permits the issue of punitive damages to go to the jury, the jury has the discretion whether or not to award punitive damages and the amount which should be awarded.

*Wackenhut Corp. v. Canty*, 359 So. 2d 430, 435–36 (Fla. 1978) (citation omitted)). Here, because Appellees demanded a jury trial in the operative complaint, Appellant was entitled to trial by jury and to have the jury determine the amount of punitive damages, if any. *See Shasho v. Euro Motor Sport, Inc.*, 979 So. 2d 343, 345 (Fla. 4th DCA 2008) ("Regardless of who makes the demand [for jury trial], once made it cannot be withdrawn without the consent of all parties" (quoting *Barge v. Simeton*, 460 So. 2d 939, 940 (Fla. 4th DCA 1984))); *see also* Fla. R. Civ. P. 1.430(d) ("A demand for trial by jury may not be withdrawn without the consent of the parties."). There is no indication in the record that Appellant waived his right to a jury trial.

Summary judgment was also improperly entered on Appellees' fraud in the inducement claim. "[F]raud in the inducement is not ordinarily appropriate for summary

4

disposition, since only after a full explanation of the facts and circumstances can the occurrence of fraud be determined." *Joseph v. Liberty Nat'l Bank*, 873 So. 2d 384, 389 (Fla. 5th DCA 2004) (citing *Burton v. Linotype Co.*, 556 So. 2d 1126, 1128 (Fla. 3d DCA 1989)). Additionally, the court erred in awarding, as a matter of law and undisputed fact, damages for pain and suffering because non-economic damages are within the purview of the jury. *See Waddell v. Shoney's, Inc.*, 664 So. 2d 1134, 1136 (Fla. 5th DCA 1995) (holding that "[a] jury is accorded wide latitude in assessing non-economic damages" and that "[i]n tort cases, damages are to be measured by the jury's discretion" (citing *Ashcroft v. Calder Race Course, Inc.*, 492 So. 2d 1309, 1314 (Fla. 1986) (additional citation omitted))).

We do, however, agree that the trial court properly enjoined Appellant from obstructing Appellees' ingress and egress to and from their property or otherwise blocking or obstructing Appellees' use of the recorded easements described in the judgment. We affirm the final summary judgment as to this matter, but reverse any award of damages attributed to this count and remand the issue for resolution by the jury.

Lastly, although we are reversing the final summary judgment, our review of the record indicates that the trial judge was dealing with a recalcitrant, difficult litigant in the Appellant. We caution Appellant that his ability to appear pro se is not without limitation and future pleadings, motions, or filings from Appellant containing threatening, obscene, or abusive language can be stricken by the trial court and subject Appellant to sanctions, including, but not necessarily limited to, the striking of his pleadings, entry of

a default judgment, and citations for contempt of court. *Cf. Compo v. State*, 617 So. 2d 362, 367 (Fla. 2d DCA 1993).

AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.

BERGER, LAMBERT, and EDWARDS, JJ., concur.